**George BUTLER, Plaintiff—Appellant,**

v.

**Robert BAYER; Sherman Hatcher; Nevada Prison Department; State of Nevada; Howard Skolnik, Defendants—Appellees.**

No. 02–15376.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Decided April 8, 2003.

Before: LEAVY, RYMER, and PAEZ, Circuit Judges.

MEMORANDUM *

George Butler appeals the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 action against prison officials for failing to protect him from a severe beating at the hands of other inmates and for failing to provide medical treatment after his release from prison. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and, after de novo review, we affirm.

The district court held both that the defendants were entitled to qualified immunity and that the defendants' conduct did not deprive Butler of any constitutional rights. However, the court did not apply the qualified immunity analysis adopted in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In *Saucier,* the Supreme Court held that "[a] court required to rule upon the qualified immunity issue must consider ... this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right?" *Id.* at 201. If there would be no constitutional violation even were the allegations taken as true, then "there is no necessity for further inquiries concerning qualified immunity." *Id.*

█ Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other inmates. *See Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, the Eighth Amendment is violated only when the inmate shows that he is incarcerated under conditions posing a substantial risk of serious harm, and that officials displayed "deliberate indifference" to inmate health or safe-

ty. *Id.* at 834; *see also Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988). Butler's Eighth Amendment right was not infringed because the prison officials did not act or fail to act knowing of a substantial risk of serious harm to him.

█ Neither party has cited authority for the proposition that the Eighth Amendment protects against deliberate indifference to serious medical needs following release from prison. Because there was no violation of a constitutional right, summary judgment was properly granted against this claim. *Saucier,* 533 U.S. at 201.

AFFIRMED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

